U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2025 FEB 25 P 3: 32

CLERK OF COURT

SEALED 25-CR 032

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

GEORGE TORRES III,
KENNETH D. SIMMONS,
JAHEIM H. ROBINSON,

CORY D. COLLINS, JR., and

Defendants.

Case No. 25-CR-

[18 U.S.C §§ 2(a), 922(o), 922(a)(6),
924(a)(2), 924(c), & 933(a)(1);
21 U.S.C. §§ 841(a)(1),
841(b)(1)(A), 841(b)(1)(B),
841(b)(1)(C), & 846]

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. Beginning in at least February 2023 and continuing until on or about February 2025, in the State and Eastern District of Wisconsin and elsewhere,

**GEORGE TORRES III,
KENNETH D. SIMMONS,
JAHEIM H. ROBINSON, and**

knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute controlled substances in violation of Title 21, United States Code, Section 841(a)(1).

2. The amount of controlled substances involved in the conspiracy attributable to each defendant as a result of his or her own conduct, and the conduct of other conspirators reasonably

foreseeable to each of them, included 400 grams or more of a mixture and substance containing N-phenyl-N-[1-( 2-phenylethyl ) -4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance; and a mixture and substance containing cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), and 841(b)(1)(C), and Title 18, United States Code, Section 2(a).

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 12, 2023, in the State and Eastern District of Wisconsin,

**GEORGE TORRES III and
KENNETH D. SIMMONS**

knowingly distributed a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2(a).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 19, 2023, in the State and Eastern District of Wisconsin,

**GEORGE TORRES III and
KENNETH D. SIMMONS**

knowingly distributed 40 grams or more of a mixture and substance containing N-phenyl-N- [1-( 2-phenylethyl ) -4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2(a).

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

1. On or about January 24, 2024, in the State and Eastern District of Wisconsin and elsewhere,

**KENNETH D. SIMMONS**

knowingly possessed a firearm in furtherance of the drug trafficking offenses charged in Count One of this Indictment.

2. The firearm is further described a Glock 45, 9mm handgun, bearing serial number BKLV928, with an attached machinegun conversion device.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and 924(c)(1)(B)(ii).

# COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 15, 2024, in the State and Eastern District of Wisconsin,

**GEORGE TORRES III**

knowingly possessed with intent to distribute 400 grams or more of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, and a mixture and substance containing cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C).

## COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 15, 2024, in the State and Eastern District of Wisconsin,

**GEORGE TORRES III**

knowingly possessed a firearm in furtherance of the drug trafficking offenses charged in Counts One and Five of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

# COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 29, 2024, in the State and Eastern District of Wisconsin,

**JAHEIM H. ROBINSON and
CORY D. COLLINS, JR.**

knowingly distributed 40 grams or more of a mixture and substance containing N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2(a).

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 24, 2024, in the State and Eastern District of Wisconsin,

**JAHEIM H. ROBINSON and
CORY D. COLLINS, JR.**

knowingly distributed a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2(a).

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 24, 2024, in the State and Eastern District of Wisconsin,

**CORY D. COLLINS, JR.**

knowingly possessed a machinegun, that is, a machinegun-conversion device.

In violation of Title 18, United States Code, Sections 2(a), 922(o), and 924(a)(2).

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 9, 2024, in the State and Eastern District of Wisconsin, ███ knowingly distributed a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ELEVEN

On or about October 9, 2024, in the State and Eastern District of Wisconsin,

████████████████████

knowingly possessed a firearm in furtherance of the drug trafficking offenses charged in Counts One and Ten of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 12, 2024, in the State and Eastern District of Wisconsin,

**JAHEIM H. ROBINSON and**

████████████████████████████

knowingly distributed 40 grams or more of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2(a).

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 16, 2024, in the State and Eastern District of Wisconsin,

**JAHEIM H. ROBINSON and** ███████████

knowingly distributed a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2(a).

## COUNT FOURTEEN

THE GRAND JURY FURTHER CHARGES THAT:

Beginning on at least April 29, 2024, and continuing until on or about December 16, 2024, in the State and Eastern District of Wisconsin and elsewhere,

## JAHEIM H. ROBINSON

did knowingly transfer machinegun conversion devices to another person, in and affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a machinegun-conversion devices by the recipient would constitute a felony, as defined in section 932(a).

In violation of Title 18, United States Code, Sections 933(a)(1) and 2(a).

## COUNT FIFTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

Beginning on at least April 29, 2024, and continuing until on or about December 16, 2024, in the State and Eastern District of Wisconsin and elsewhere,

**JAHEIM H. ROBINSON**

knowingly possessed machineguns, that is, machinegun-conversion devices.

In violation of Title 18, United States Code, Sections 2(a), 922(o), and 924(a)(2).

# FORFEITURE NOTICE

1. Upon conviction of the controlled substance offenses alleged in Counts One and Three, Count Five, Counts Seven and Eight, Count Ten, and Counts Twelve and Thirteen of this Indictment, the defendants shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses. The properties subject to forfeiture include, but are not limited to:

    a. approximately $16,150.60 in US currency recovered from Simmons and inside a BMW on January 24, 2024;

2. Upon conviction of any offense in violation of Title 18, United States Code, Section 922(o), 924(c), and 933 as set forth in Count Four, Count Six, Count Nine, Count Eleven, Count Fourteen, and Count Fifteen, of this Indictment, the defendants, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the offenses of conviction. The properties subject to forfeiture include, but are not limited to:

    a. a black Glock 45, 9mm handgun, bearing serial number BKLV928, with a machine-gun conversion device, recovered on January 24, 2024, inside the BMW;
    b. a black AR-pistol chambered 5.56x45 style gun, without a serial number, recovered on January 24, 2024, inside the BMW;
    c. a Glock pistol with loaded magazine, bearing serial number NVP282, located at 7XX West Wisconsin Avenue, Apartment 202, Milwaukee, Wisconsin, on February 15, 2024;
    d. a 9mm pistol located at 7XX West Wisconsin Avenue, Apartment 202, Milwaukee, Wisconsin, on February 15, 2024.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or

deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

For /s/ Kelly B. Watzka
RICHARD G. FROHLING
Acting United States Attorney

Date: 25 FEB 2025